**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Samuel GONZALEZ, Defendant–
Appellant.**

**No. 13–31257
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 30, 2014.

Carol Mignonne Griffing, Assistant U.S. Attorney, Joseph G. Jarzabek, Assistant U.S. Attorney, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

384

Wayne Joseph Blanchard, Assistant Federal Public Defender, Federal Public Defender's Office, Lafayette, LA, for Defendant–Appellant.

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Federal inmate Samuel Gonzalez was convicted after a jury trial of assault resulting in serious bodily harm to another federal inmate, in violation of 18 U.S.C. § 113(a)(6), and sentenced to 110 months imprisonment. Gonzalez's sole issue on appeal is that the district court erred by denying his motion for judgment of acquittal, because there was insufficient evidence for a reasonable jury to have concluded beyond a reasonable doubt that Gonzalez was the attacker. We review the sufficiency of the evidence de novo. *See United States v. Williams,* 602 F.3d 313, 315 (5th Cir.2010).

Deborah Nugent reviewed the video surveillance of the attack, and explained at length at trial how she was able to follow the two assailants and identify one of them as Gonzalez. Further, because the jurors watched the videos, they did not have to rely on Nugent's interpretation. Rather, the jurors could determine for themselves whether Gonzalez was the inmate on the videos. The Government also called Craig Lee, who testified that after the assault, Gonzalez was found "out of bounds" in the unit where the assault happened instead of in his own unit. Lee also testified that Gonzalez was visually inspected after the

assault. Gonzalez was found to have a red impact-like mark on his left hand and traces of a reddish substance Lee believed to be blood on his right hand.

Gonzalez criticizes the Government for failing to call the victim as a witness or introduce any eyewitness testimony or physical evidence; points out that the district court expressed reservations about the case; and notes that his co-defendant was acquitted. These arguments do not raise relevant points. The question before us is whether there was sufficient evidence actually presented at trial for a rational jury to have concluded beyond a reasonable doubt that Gonzalez was one of the attackers. *See United States v. Moreland,* 665 F.3d 137, 148–149 (5th Cir.2011). We conclude that there was.

In light of the foregoing, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.